## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LONNIE GRIFFIN,

    Defendant,                              Crim. No.  90-80355-01
                                               Civil No.  05-73343

-vs-                                                     HON. ANNA DIGGS TAYLOR
                                                    Magistrate Judge Steven D. Pepe

UNITED STATES OF AMERICA,

    Plaintiff.

_____/

## RESPONSE OF THE UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2).

On June 25, 1990, Defendant, Lonnie L. Griffin, was charged in an eight count Superseding Indictment with drug, firearm and structuring violations. Count One charged Griffin Griffin with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; Count Two and Five charged Griffin with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846; and in Counts Three and Four with aiding and abetting the possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Griffin was further charged in Counts Six and Eight with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and in Count Seven with structuring a financial transaction to evade reporting requirements, in violation of 31 U.S.C. § 5324(3).

On October 30, 1990, the case proceeded to trial by jury before the Honorable Anna Diggs Taylor. On November 15, 1990, the jury found the petitioner guilty of all counts as charged.

On February 22, 1991, defendant was sentenced to concurrent terms of life imprisonment on Counts One through Five, and to concurrent 120 month terms of imprisonment on Counts Six through Eight to run concurrent with the sentence for Counts One through Five.

On February 26, 1991, defendant filed a timely notice of appeal. That conviction and sentence were affirmed in an unpublished opinion, United States v. Griffin, No. 91-1265, 1992. Subsequently, Defendant filed numerous post trial motions to vacate his sentence under 28 U.S.C. §2255 which have been denied.

On August 22, 2005, Defendant Griffin filed his instant Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. 3582(c)(2). In his motion, he requests the court to re-sentence him. He claims that he is entitled to a re-sentencing based on two U.S.S.G. Guideline Amendments, specifically No's 490 and 591, which have been retroactively applied.

Although the Clerk of the District Court characterized defendant's pleading as a Motion to Set Aside Sentence under 28 U.S.C. 2255, this court should consider his motion under 18 U.S.C 3582(c)(2) given that defendant relies upon that statute. See, United States v. Towe, 26 F.3d 614, 616, 617 (5th Cir. 1994).

Although the government agrees that both Guideline Amendments relied upon by defendant have been made retroactively applicable (see U.S.S.G. §1B1.10©), the defendant is not entitled to re-sentencing under either Amendment.

2

Defendant claims that Amendment 490 lowered the initial base offense level for Count Seven, his violation of 31 U.S.C. § 5324(3), and that his sentence should be modified accordingly. Defendant is not entitled to relief that Amendment, however, because he has already served his sentence on Count Seven.  His sentence of 120 months custody on Count Seven was imposed February 21, 1991 and thus has already been served.

Normally, there is no jurisdiction in a district court to re-sentence a criminal defendant on the counts of conviction except in very limited circumstances where permitted by statute. United States v. Ross, 245 F.3d 577, 585, 586 (6th Cir. 2001), United States v. Jordan, 162 F.3d 1 (1st Cir. 1998).

The statute on which Defendant here relies is Title 18 U.S.C. 3582(c)(2) which provides that a court may not modify a term of imprisonment imposed except:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)........<u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.</u>   (Emphasis added).

At U.S.S.G.§ 1B1.10, the Sentencing Commission set forth its Policy Statement concerning the reduction of a term of imprisonment as a result of a Amendments to the Sentencing Guidelines.  At Subsection (a), the Commission provided for a reduction in a defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) only <u>where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered.</u>  Since defendant is no longer serving his 10 year sentence on Count Seven, he does not fall within the perimeters of the statute.  A reduction in that sentence would be inconsistent with applicable policy statements issued by the Sentencing Commission and thus not be allowed under 18 U.S.C.3582(c)(2).

Even if defendant wasn't expressly excluded from relief under the Amendment 490 by reason that his sentence has expired, the Court would be unable to reduce his sentence further because of U.S.S.G. § 1B1.10(b). That provision expressly prohibits the reduction of a term of imprisonment below that which the defendant has already served:

> "In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection © been in effect at the time the defendant was sentenced, <u>except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served</u> .

Defendant is also not entitled to a modification of his sentence because of U.S.S.G. Amendment No. 591. That Amendment changed Section 1B1.1 entirely by providing:

(A) Determine, pursuant to §1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction.

As a result of that Amendment, the Commentary to §2D1.2 captioned "Application Notes" was amended in Note 1 by striking "where" and inserting the following:

"This guideline applies only in a case in which the defendant is convicted of a statutory violation of drug trafficking in a protected location or involving an underage or pregnant individual (including an attempt or conspiracy to commit such a violation) or in a case in which the defendant stipulated to such a statutory violation."

In the Reason for Amendment section, the Commission stated that Amendment 591 addressed a conflict in circuits regarding whether the enhanced penalties in U.S.S.G. § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals) apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual.

4

Since Defendant Griffin was not assessed an enhancement for committing his drug offence in a protected location or involving a protected individual, (see Pre-sentence Report, paragraphs 72. through 78. and Sentencing Hearing, February 22, 1991), that Amendment does not provide for a modification of his sentence.

### **Conclusion**

For the reasons stated above, the motion should be denied.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney


s/ Janice V. Terbush (P30869)
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone:  (313) 226-9589
Email: jan.terbush@usdoj.gov

Dated: November 17, 2005

Case 2:90-cr-80355-ADT   ECF No. 373, PageID.68   Filed 11/17/05   Page 6 of 6

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>November 17, 2005</u> I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

      ECF filer's name only (no address required)

      I further certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Lonnie L. Griffin
Reg. No. 13844-039
P.O. box 150160
Atlanta, GA 30315

                                      s/ Janice V. Terbush (P30869)
                                      Assistant United States Attorney
                                      211 W. Fort, Suite 2000
                                      Detroit, Michigan 48226
                                      (313) 226-9589
                                      Email: jan.terbush@usdoj.gov

6