UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE L. GRIFFIN,
         Petitioner,

v.                                                Criminal Case No: 90-80355
                                                      Civil Case No: 05-73343
                                                        Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,
         Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

      Petitioner has filed a motion to modify his term of imprisonment [Doc. #367] pursuant to 18 U.S.C. § 3582 (c)(2). In his petition, he argues that he is entitled to a modification of his term of imprisonment based on Amendments 490 and 591 to the United States' Sentencing Commission Guidelines Manual. For the reasons set forth below, Petitioner's motion must be DISMISSED.

**I.**

      In November 1990, a jury found Petitioner guilty of the following: count one, conspiracy to possess with the intent to distribute cocaine; counts two through five, possession with the intent to distribute cocaine all in violation of 21 U.S.C. § 841(a)(1); counts six and eight, felon in possession of a firearm both in violation of 18 U.S.C. § 922(g); and count seven, structuring a financial transaction to evade reporting requirements in violation of 31 U.S.C. § 5324(3). This court sentenced Petitioner to concurrent terms of life in prison on the conspiracy and substantive possession counts and to two concurrent 120-month terms of imprisonment for the felon in possession of a firearm counts and the financial structuring count.

      In February 1991, Petitioner filed a timely notice of appeal with the Sixth Circuit Court of Appeals concerning his conviction and sentence. The appeals court affirmed the district court.

Between 1992 and 2001, Petitioner filed several motions pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence. This court denied each of those motions and all were appealed to the Sixth Circuit Court of Appeals and were ultimately, affirmed. Petitioner also has filed three unsuccessful § 2241 petitions in judicial jurisdictions where he has been incarcerated – the U.S. District Court for the Southern District of Indiana, U.S. District Court for the Central District of California and the U.S. District Court for the Eastern District of Texas. All were denied.

Petitioner now seeks to modify the terms of his imprisonment pursuant to 18 U.S.C. § 3582 (c)(2). Specifically, Petitioner asserts that his prison term should be modified based upon Amendments 490 and 591 to the U.S.S.G. Guidelines, which both have been applied retroactively.

**II.**

*18 U.S.C. § 3582(c)(2)*

Petitioner seeks relief under various provisions of 18 U.S.C. §3582(c). The statute permits modification of an imposed term of imprisonment in a limited number of situations. The court may modify a prisoner's sentence only as follows: (1) Upon motion of the Director of the Bureau of Prisons, if it finds that extraordinary and compelling reasons warrant such a reduction or the defendant is at least 70 years old and has served at least 30 years in prison; or (2) The Court may modify where there is an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and (3) In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission. *See* 18 U.S.C. §3582(c). Petitioner's motion attempts to invoke relief under 18 U.S.C. §3582(c)(2).

*(a) Amendment 490*

Griffin argues that his sentence should be modified, pursuant to Amendment 490, because the Sentencing Commission lowered the initial base offense level of count seven of his indictment from thirteen to six. Further, Petitioner contends that this court should have utilized Guideline §2S1.3 when he was sentenced.

Griffin was found guilty of structuring a transaction to evade reporting requirements in violation of 31 U.S.C. § 5324(3). He was sentenced pursuant to Sentencing Guideline § 2S1.3 entitled, "Structuring Transactions to Evade Reporting Requirements; Failure to Report Cash or Monetary Transactions; Failure to File Currency and Monetary Instrument Report; Knowingly Filing False Reports." U.S.S.G. § 2S1.3. When Griffin was sentenced, the base level for Guideline § 2S1.3 was thirteen. Petitioner correctly argues that the base level is now six.

When a guideline that a defendant has been sentenced under is amended, that defendant becomes eligible for, but not automatically entitled to, a reduced sentence. This decision is left to the discretion of the district court. *United States v. Vazquez,* 53 F.3d 1216, 1228 (11th Cir. 1995). A court may reduce a sentence if, and only if, doing so is "consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Havener,* 905 F.2d 3, 7 (1st Cir.1990) (quoting 18 U.S.C. § 3582(c)(2)). The policy statement applicable in the instant case is stated in U.S.S.G. § 1B1.10.[1] In pertinent part, § 1B1.10 provides:

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

---

[1] Also, it is because of § 1B1.10 that Amendment 490 is to be applied retroactively. *United States v. Wales,* 977 F.2d 1323, 1328 n. 3 (9th Cir.1992).

In considering whether, on application of Amendment 490 to Griffin, the court has authority to consider a downward departure under U.S.S.G. § 2S1.3, the court turns to the commentary included in U.S.S.G. § 1B1.10, which provides in relevant part:

> When the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate; **however, in no case shall the term of imprisonment be reduced below time served.** Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section. (Emphasis added).

This commentary is to be followed, unless it is inconsistent with or a plainly erroneous reading of the guidelines or it violates the Constitution or a federal statute. *Stinson v. United States,* 508 U.S. 36, 38 (1993).

Griffin's arguments must fail for several reasons. First, contrary to his arguments, the court utilized Guideline § 2S1.3 when it sentenced him. Hence, this argument is without merit. Second, as the government correctly asserts, Petitioner has already served his sentence on Count Seven. Indeed, the commentary to U.S.S.G. § 1B1.10 clearly states "in no case shall the term of imprisonment be reduced below time served." On February 21, 1991, Petitioner was sentenced to 120 months on Count Seven. He completed serving this sentence in February 2001. Finally, the court is convinced now, as it was when it sentenced Griffin, that 120 months represents an appropriate sentence for him on this offense. Petitioner was a major cocaine trafficker and was adept at creating elaborate schemes to conceal funds earned from his drug transactions. Consequently, this court denies Petitioner's request to be resentenced under Amendment 490.

*(b) Amendment 591*

Griffin also argues that he should be resentenced under Amendment 591. On November 1, 2001, Amendment 591 became effective and was given retroactive effect under § 1B1.10. *United States v. Smith,* 88 Fed.Appx. 71 (6th Cir. 2004) (unpublished). The amendment changed U.S.S.G. §§ 1B1.1(a), 1B1.2(a), and 2D1.2, as well as the Statutory Index's introductory commentary. *Id.* Further, the amendment resolved a circuit conflict concerning § 2D1.2 and made it clear that the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction unless the case falls within the limited 'stipulation' exception set forth in § 1B1.2(a). U.S.S.G. App. C, p. 32 (Supp.2000).

Amendment 591 cannot be utilized to modify Griffin's sentence. First, Griffin's offense level was not predicated on or enhanced pursuant to **§ 2D1.2**, but under **§ 2D1.1** . See *U.S. v. Wright* 161 Fed.Appx. 800, (10th Cir. 2006), (holding that Amendment 591's changes to **§ 2D1.2** did not affect the defendant's sentence, since the defendant's was sentenced under **§ 2D1.1**). Second, review of the record indicates that Griffin was sentenced in accordance with the appropriate offense guidelines. His base offense level was properly determined pursuant to U.S.S.G. §§ 2D1.1, 2K2.1 and 2S1.3. Consequently, to the extent that Petitioner's motion to modify is based on Amendment 591 of the U.S.S.G., it is denied.

For the foregoing reasons,

IT IS ORDERED that Petitioner's Motion for Modification of the Sentence Pursuant 18 U.S.C. § 3582 is hereby DENIED.

IT IS SO ORDERED.


DATED:  September 26, 2006             s/Anna Diggs Taylor
                                       ANNA DIGGS TAYLOR
                                       UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail (**Lonnie L. Griffin, # 13844-039, FCC - USP #2, PO Box 1034, Coleman, FL 35521-0879**) disclosed on the Notice of Electronic Filing on **September 26, 2006**.

                                       s/Johnetta M. Curry-Williams
                                       Case Manager